■ In the Matter of the Estate of MARION B. GEBBIE, Deceased. RUSSELL ROGERSON, as Surviving Executor and Surviving Trustee of MARION B. GEBBIE, Deceased, Appellant-Respondent. LOUIS J. LEFKOWITZ, Attorney-General, Respondent-Appellant; MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents-Respondents.— Order unanimously affirmed, with costs to all parties filing separate briefs, payable out of the estate. Memorandum: The order appealed from was served on June 4, 1969. On July 1 Rogerson served notice of appeal therefrom. On July 11 the Attorney-General served a so-called notice

of cross appeal from said order upon Manufacturers Hanover Trust Company, which promptly rejected it as untimely. We construe CPLR 5513 (subd. [b]) as authorizing the Attorney-General's appeal within 10 days after he was served with notice of appeal by Rogerson, even though the Attorney-General's notice was served upon a nonappealing party more than 30 days after service of the order from which the appeal was taken. We agree with appellant Rogerson that the Attorney-General in his capacity as supervisor of charitable trusts (EPTL, art. 8) has no direct right to sue in behalf of a charitable trust such as the Gebbie Foundation, Inc., and has only a derivative right which he may pursue upon alleging that the trustee of such trust, namely the Gebbie Foundation, Inc., has failed to act to protect the rights of the beneficiaries of the trust after notice and demand for action therefor (see *Riviera Congress Assoc.* v. *Yassky,* 18 N Y 2d 540, 547; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 513, 517–518; 4 Scott on Trusts [3d ed.], §§ 281, 282.1, 393). The petition lacks such allegations, and so the Attorney-General has no standing to institute this proceeding. However, the trustee of the charitable trust, Gebbie Foudation, Inc., has appeared herein and by answer has joined in the petition to the extent of requesting that the decree which approved the first supplemental account of Rogerson for the period from October 14, 1963 to February 11, 1966 be vacated. The motion directed against the petition is deemed one for summary judgment (CPLR 3211, subd. [c]), and all of the allegations of the petition and answers joining therein are properly considered upon this motion (*Kelly* v. *Bank of Buffalo,* 32 A D 2d 875; *Millard* v. *Binkley Co.,* 28 A D 2d 620; *Hamilton Print Co.* v. *Payne Corp.,* 26 A D 2d 876). Clearly, Gebbie Foundation, Inc., has status to maintain such petition, and the allegations are sufficient in law (see *Parker* v. *Rogerson,* 33 A D 2d 284). The motion to dismiss the petition was, therefore, properly denied. The Attorney-General remains as a proper party to this proceeding. With respect to the first two ordering paragraphs of the order appealed from, in which the Surrogate granted motions to dismiss the petition to vacate the decree settling the account for the period from April 3, 1949 to October 14, 1963, we recognize that upon the allegations of the petition and answers thereto it was within the sound discretion of the Surrogate whether to entertain the application. We find no abuse of discretion in his ruling. If, in pursuing the remedies afforded under the order denying the motion to dismiss the petition with respect to the first supplemental account, any party, including the Attorney-General, shall find cause for opening the decree settling the account for the period ending October 14, 1963, the application therefor may be renewed in a manner consistent herewith. (Appeals from certain parts of order of Chautauqua County Surrogate's Court, in proceeding to vacate decrees.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.