■ In the Matter of the Estate of CELIA NOTKIN, Deceased. LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Appellant; JEROME D. COHEN, Respondent.— In this proceeding to judicially settle the account of the executor, the Attorney-General of the State of New York appeals from a decree of the Surrogate's Court, Kings County, dated July 13, 1973, which, *inter alia,* settled the account and dismissed his objections thereto, without a hearing. On this appeal the Attorney-General has abandoned the portion of his objections which were to a $3,000 claim for legal services and to the computation of the executor's commissions. Decree reversed insofar as appealed from, on the law and the facts, without costs, and proceeding remitted to the Surrogate's Court, Kings County, for entry of an amended decree in accordance with the views expressed herein, without costs. The executor's account contains an agreement between the charitable residuary legatee and William Fitzpatrick, a specific legatee, to transfer $2,600 from the former to the latter. Based upon the record, this agreement cannot be allowed to stand, as it would frustrate the clear intentions of the testatrix, as gleaned from paragraphs "First"

and "Sixth" of her will, to have all taxes and administration expenses paid from her numbered account at the Flatbush Savings Bank. This is especially true in light of the fact that such transfer constitutes 21.5% of the legacy to said charitable legatee and, therefore, the transfer could scarcely be called a "minor adjustment", as stated by the Surrogate. The authority of the Attorney-General to participate in this proceeding is statutory (EPTL 8–1.1, subd. [f]). The subdivision reads: "The attorney general shall represent the beneficiaries of such dispositions for religious, charitable, educational or benevolent purposes and it shall be his duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts." This authority is not derivative, but rather, primary, in accordance with the clear legislative directive that it is the Attorney-General's duty to enforce the rights of charitable beneficiaries, even if it results in his being at cross purposes with such beneficiaries. To the extent that *Matter of Gebbie* (33 A D 2d 1093, 1094, mot. for lv. to app. den. 27 N Y 2d 482) expresses a different view, we disagree. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.