OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion by defendants pursuant to CPLR 3211 (subd [a], pars 3, 7), to dismiss the amended complaint on the ground that plaintiff Attorney-General of the State of New York does not have legal capacity to sue and on the further ground that the complaint fails to state a cause of action. Defendants are United Industrial Syndicate, Inc. (United), a closely held corporation, and its directors, including defendant Lebensfeld who owns or controls all of United’s common voting stock. In 1968 and 1969 defendant Lebensfeld made certain gifts of United’s annual cumulative first preferred stock to a number of charitable organizations. Six of these recipients, including the Federation of Jewish Philanthropies of New York (hereafter referred to as "the Federation group”) have commenced an action against these same defendants in which they seek to compel United to pay alleged dividend arrearages they claim they are entitled to as holders of first preferred stock. Six other charitable organizations, including Lincoln Center for the Performing Arts and New York Presbyterian Hospital (hereafter referred to as "the Lincoln Center *545 group”), who also were given first preferred stock by Lebensfeld, have neither joined in the action brought by the Federation group nor commenced their own action.
By the first cause of action in the instant complaint, the Attorney-General relying upon the powers vested in him by EPTL 8-1.1 (subd [f]) seeks the same relief on behalf of the Lincoln Center group as is sought by the Federation group. In his second cause of action the Attorney-General seeks money damages on behalf of a third group of charitable organizations, including Dartmouth College (hereafter referred as "the Dartmouth College group”). This group had sold their first preferred stock back to United. It is the Attorney-General’s contention that the price paid by United for this stock was below the fair market value of the stock, and by buying it at this price it is alleged that the defendants breached their fiduciary duty to deal fairly with the Dartmouth College group, who were minority shareholders in United.
Before commencing the instant action, the Attorney-General made no demand either to the directors of the charitable organizations in the Lincoln Center group or to those in the Dartmouth College group that they commence an action themselves to protect the rights of their ultimate beneficiaries.
EPTL 8-1.1 (subd [f]) upon which the Attorney-General relies, provides that "the attorney general shall represent the beneficiaries of such dispositions for religious, charitable, educational or benevolent purposes and it shall be his duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts.” Defendants contend that the legislative history of this section and its plain meaning limits the Attorney-General’s power to protecting those members of the public who are the ultimate recipients of charitable dispositions but who are legally unable to enforce their own rights because of the indefiniteness of their identity, and that it does not make him the protector of the entities which administer charitable benefits to the ultimate beneficiaries, that is, the charitable organizations themselves. The Attorney-General, on the other hand, argues that the power concededly conferred upon him by EPTL 8-1.1 (subd [f]) to protect the ultimate charitable beneficiaries includes the power to institute an action on behalf of a charitable organization which by its inaction thwarts the Attorney-General from fulfilling his obligations as the primary statutory representative of the ultimate charitable beneficiaries. As such, he contends, there is no require *546 ment that he first make a demand on the charitable organizations to institute proceedings for the relief sought.
While the court concurs with the contention of the Attorney-General that his authority to protect the ultimate beneficiaries of charitable dispositions is primary (Matter of Notkin, 45 AD2d 849, 850; Lefkowitz v Kan, NYLJ, May 15, 1978, p 14, col 4) nevertheless, a demand must first be made that the charitable organization itself act to protect the ultimate beneficiaries before the Attorney-General can sue in behalf of the charity. As the court stated in Matter of Gebbie (33 AD2d 1093, 1094, mot for lv to app den 27 NY2d 482): "[t]he Attorney-General in his capacity as supervisor of charitable trusts (EPTL, art. 8) has no direct right to sue in behalf of a charitable trust * * * and has only a derivative right which he may pursue upon alleging that the trustee of such trust * * * has failed to act to protect the rights of the beneficiaries of the trust after notice and demand for action therefor”. This interpretation is consistent with the legislative intent of EPTL 8-1.1 (subd [f]) whose purpose was to provide protection for the rights of the inchoate, undetermined beneficiaries of charitable dispositions who had no standing to do so on their own. However, not-for-profit corporations such as those in the Lincoln Center group and the Dartmouth College group have the right to prosecute an action in their own names for the protection of their ultimate beneficiaries, as is exemplified by the suit commenced by the Federation group, referred to above, and thus no need exists for the Attorney-General to act in their behalf. Of course, in the event their trustees refuse to act, thereby depriving their ultimate beneficiaries of possible rights, EPTL 8-1.1 (subd [f]) permits the Attorney-General, as the primary statutory representative of the ultimate beneficiaries, either to institute proceedings to compel them to do so, or in the alternative, to substitute himself for the trustees and to act directly against the third party. However, to permit the Attorney-General, in his discretion, to sue on behalf of any charitable organization without prior demand upon the trustees thereof could lead to such incongruous results as the Attorney-General suing a contractor for failing to perform a painting contract for a hospital, or even, in the case of Dartmouth College, suing a student who has not paid his tuition. Clearly, no such authority was intended to be conveyed by the Legislature in enacting EPTL 8-1.1 (subd [f]) inasmuch as it is totally unnecessary. Although *547 the Appellate Division, Second Department, in Matter of Notkin (45 AD2d 849, supra) indicated that it disagreed with the Fourth Department’s interpretation of EPTL 8-1.1 (subd [f]) as expressed in Matter of Gebbie (33 AD2d 1093, supra) in the Notkin case the Attorney-General was not a party to the proceedings as a substitute for the charitable legatee therein but was appearing to oppose action contemplated by such legatee which he believed was contrary to the interests of its ultimate beneficiaries. Such a rule is entirely consistent with this opinion. However, with respect to Lefkowitz v Kan (NYLJ, May 15, 1978, p 14, col 4, supra) to the extent that decision is inconsistent with the decision herein, the court disagrees with it.
Finally, it should be noted that the failure of the Lincoln Center group to act might be explained by the fact that should the Federation group be successful in its action, the Lincoln Center group by operation of collateral estoppel would be able to take full advantage of the result obtained therein without incurring the time and expense of its own law suit. A different but similarly cogent explanation might account for the failure of the Dartmouth College group to sue for a breach of fiduciary duty in connection with the sale of their stock back to United.
For all of the foregoing reasons, the second cause of action by the Attorney-General on behalf of the Dartmouth College group is dismissed, and the first cause of action brought on behalf of the Lincoln Center group is also dismissed, except insofar as it relates to the Lebensfeld Foundation. Since the defendant Lebensfeld is the principal stockholder of United, a demand upon the trustees of that foundation would presumably be futile, and thus the Attorney-General’s failure to make such a demand is not fatal to the institution of the instant action on its behalf.