OPINION OF THE COURT
William J. Regan, S.
A motion having been made by Nelson R. Barrett, attorney for the petitioners, to dismiss the objections of the Attorney-General on the grounds that the Attorney-General cannot appear in a will contest without having demanded that the charities who have not appeared and objected, act on their own behalf. In the instant case, there are a number of charities named in an earlier will who are, in effect, disinherited by a later will. Three of these charities have filed objections to their own individual attorneys and the Attorney-General has filed objections on behalf of the ultimate beneficiaries of charitable gifts and he indicates that he has filed his objections carrying out his statutory obligation.
The Attorney-General concedes that he has not made a demand on the other beneficiaries to appear and object to the will. He cites the Matter of Notkin (45 AD2d 849) case wherein the Appellate Division, Second Department, held that the Attorney-General was entitled to a trial on his objection to a claim. The Appellate Division in that partic *310 ular case cites EPTL 8-1.1 (subd [f]), which reads as follows: “The attorney general shall represent the beneficiaries of such dispositions for religious, charitable, education or benevolent purposes and it shall be his duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts.”
The court goes on to point out that it is the Attorney-General’s duty to enforce the rights of charitable beneficiaries even if it results in his being at cross purposes with such beneficiaries. The court is familiar with Lefkowitz v Lebensfeld (68 AD2d 488). The court, however, feels that that case is easily distinguishable. The application, therefore, to dismiss the objections of the Attorney-General is denied.