■ In the Matter of the Estate of S. Lyle Chapin, Deceased. Theodore C. Bonney et al., Appellants; Helen Kirschenfeld et al., Respondents. — Appeal from a decree of the Surrogate's Court of Madison County (Tait, Jr., S.), entered May 27, 1982, which construed decedent's will in favor of respondents. S. Lyle Chapin died June 5, 1980 leaving a self-drawn will executed in 1955. After making certain specific bequests, he then made the following residuary bequest: "Fourth, the Residue shall be divided between my cousins, — Jessie Lyle Faulkner,* Sam Dyer Chapin,* Flora Chapin Humphries,* Helen Chapin Kirschenfeld,* Julia Bonney,* Ruth Skinner,* Julia Wilbar Cobb,* These are the only legal next of kin and may be cited at these addresses." The persons named by the testator were all either first cousins, or first cousins once removed. Of those named only Kirschenfeld and Cobb survived the testator. Appellants are Theodore and Josephine Bonney (by her committee), children of Julia Bonney, a legatee who predeceased the testator, and George De Plenge, a first cousin of the testator on the maternal side. Appellants Bonney claim that the testator intended the residue to be divided among the surviving Chapin cousins. Appellant De Plenge asserts that the testator intended that the residue be divided among all his cousins as next of kin. The matter was referred to a referee, who, after a hearing, found that the testator had not made a class gift and that, absent a class gift, EPTL 3-3.4 applied to divide the lapsed residuary bequests among the surviving residuary beneficiaries named in the will. Appellants moved to reject the report and review was made by the Surrogate who confirmed the referee's report and issued a decree of construction that respondents were entitled to take the entire residuary estate. This appeal followed. In New York, a residuary bequest which is ineffective, by reason of the beneficiary's death or otherwise, vests in the remaining residuary beneficiaries unless (1) the testator made an alternative disposition in the will, or (2) the antilapse provisions of EPTL 3-3.3 apply (EPTL 3-3.4). The claims of appellants are based on the premise that the testator here intended an alternative disposition other than the one determined by the Surrogate. Their arguments are generally centered on the claim that the testator's intent was to benefit certain categories (classes) of "cousins" or "next of kin" which would include themselves. They argue that the rules of will construction should be subordinate to the manifested testamentary plan and that a will drawn by a layman should not be held to the standard of a professional draftsman. In construing a will, the court must look to the language of the

* Indicates address omitted.

document itself (see *Matter of Hodgson,* 105 Misc 284, 286). And, while a will written by a layman should not be held to the same standard as one prepared by a lawyer, a layman may be held to have knowledge of the law (*Overheiser v Lackey,* 207 NY 229). In order to find an intent to make a class gift either to "cousins" or to "next of kin", the court must find that the testator "intended to designate * * * a group capable of future change in number, rather than specific individuals" (Restatement, Property, § 279). In the instant matter, where the will has given property to a number of individuals by name, the use of descriptive words as "my cousins" or "legal next of kin" are not regarded as creating a class but as merely descriptive of the persons named for the purpose of identification (*Moffett v Elmendorf,* 152 NY 475, 484). The Surrogate therefore properly confirmed the report of the referee. The contention of appellants Bonney that the testator manifested an implied intent to provide for each extant cousin or issue of a deceased cousin on the Chapin side of the family is without merit. During the 25 years since the will was executed to the date of the testator's death, several of the named beneficiaries, including Julia Bonney, predeceased the testator. The fact that no change was made in the will during that period, coupled with a "presumption that the testator intended to vest the ineffective portion of the residuary estate in the remaining residuary beneficiaries" (Revisers' Notes, McKinney's Cons Laws of NY, Book 17B, EPTL 3-3.4, p 472), compels the conclusion, absent evidence to the contrary, that the remaining beneficiaries Kirschenfeld and Cobb are entitled to share the residuary estate to the exclusion of all others. The decree issued by the Surrogate's Court should be affirmed. Decree affirmed, with costs to all parties payable out of the estate. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

 