■ In the Matter of the Estate of ROBERT E. MAY, Deceased. ROBERT H. DEILY, as Executor of ROBERT E. MAY, Deceased, Appellant; G. OLIVER KOPPELL, as Attorney-General of the State of New York, et al., Appellants, and ROMAN CATHOLIC DIOCESE OF ALBANY et al., Respondents. [623 NYS2d 650] —Per Curiam. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered October 1, 1993, which, *inter alia,* granted the motion of the Roman Catholic Diocese of Albany, New York, for an order of intervention.

Decedent executed his last will and testament on August 17, 1986. Decedent bequeathed the bulk of his estate, in excess of $5 million, under the third paragraph of the will to unnamed charitable beneficiaries to be selected by petitioner, his designated executor. The third paragraph states: "All the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever the same may be situate, I give, devise and bequeath to such duly qualified charities as my Executor may in his sole discretion elect. It being my intention to provide my Executor with the broadest possible discretion to effect the intent I have previously expressed to him to make the charitable gift or gifts in conformity with my

desires. I am confident that the Executor named in this will is aware of my wishes and intent, and will carry out those wishes without more formal direction on my part."

Decedent died on September 29, 1986. On January 27, 1987, the will was admitted to probate and letters testamentary were issued to petitioner. In October 1992, petitioner filed an accounting in Surrogate's Court and, in accordance with the testamentary instructions contained in the will, proposed to distribute the balance of the charitable dispositions to Albany Medical College, Northeastern Association of the Blind, St. Patrick's Church, Wildwood School, The Workshop, Inc., Regional Food Bank of Northeastern New York and Sunnyside Center. In December 1992, after reviewing petitioner's petition for an accounting, Surrogate's Court issued an order, *sua sponte,* appointing a guardian ad litem to represent unknown charities entitled to take under the will. Shortly thereafter, the Roman Catholic Diocese of Albany, New York (hereinafter the Diocese), served a notice of appearance in the proceeding. Respondent Attorney-General, appearing as the statutory representative for all unnamed beneficiaries pursuant to EPTL 8-1.1 (f), moved to vacate the order appointing the guardian ad litem and strike the Diocese's notice of appearance. The Diocese, in turn, moved to intervene. Surrogate's Court denied the Attorney-General's motions and granted the Diocese's motion. The Attorney-General, petitioner and some of the proposed residuary beneficiaries (hereinafter collectively referred to as the beneficiaries) appeal.

Initially, we must note that since the Diocese is not a named beneficiary, its status vis-à-vis the will is that of possible beneficiary, one among an unlimited and undefined group lacking a preferred status under the will. As a member of the class of possible beneficiaries, the Diocese is, therefore, precluded from suing to enforce the charitable disposition under decedent's will *(see, Alco Gravure v Knapp Found.,* 64 NY2d 458, 465; *Lefkowitz v Lebensfeld,* 68 AD2d 488, 495, *affd* 51 NY2d 442; *Matter of James,* 22 Misc 2d 1062, 1067-1068). "Instead, the Attorney-General has the statutory power and duty to represent the beneficiaries of any disposition for charitable purposes" *(Alco Gravure v Knapp Found., supra,* at 465 [citations omitted]).

We acknowledge that SCPA 403 (2) empowers the Surrogate's Court to appoint a guardian ad litem to represent the interests of persons under a disability, which on its face would

appear to include unknown charitable beneficiaries.* In the context of this case, however, we agree with the Attorney-General that where, as here, a particular charitable organization such as the Diocese is unnamed and its rights unknown, the Attorney-General is its sole representative under EPTL 8-1.1 (f). Nor does the mere fact that the Attorney-General represents all competing charitable concerns seeking to share in a disposition made for charitable purposes give rise to a conflict of interest requiring the appointment of a guardian ad litem for each charitable organization claiming a stake in the matter, as this would undermine the policy limiting standing in this area by encouraging vexatious litigation (see, Alco Gravure v Knapp Found., supra, at 466). We therefore find that the Diocese lacks standing to intervene in this proceeding.

Were we to address the merits of the Diocese's argument that it was an intended charitable beneficiary under the estate, we would be precluded from considering the extrinsic evidence offered in support of that argument because we find the testator's language to be a clear and unambiguous expression of an intent to make charitable bequests by vesting sole discretion in the executor to select the charitable beneficiaries (see, Matter of Carper, 67 AD2d 333, affd 50 NY2d 974; Matter of Groot, 173 App Div 436, affd 226 NY 576; Matter of Michaels, 7 Misc 2d 439). Further, we find the additional language regarding instructions or ideals communicated to the executor to be precatory in nature and therefore insufficient to invalidate the charitable bequests (see, Matter of Carper, supra; Matter of Groot, supra; Matter of Mangels, 17 Misc 2d 451; Matter of Michaels, supra).

In sum, we find that Surrogate's Court abused its discretion by appointing a guardian ad litem and erred when it granted the Diocese's motion to intervene in this proceeding.

Cardona, P. J., Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion by Roman Catholic Diocese of Albany, New York, denied and motions by respondent Attorney-General granted.

---

* Pursuant to SCPA 403 (2) the court has general statutory authority to appoint a guardian ad litem for a person under a disability which includes "[a]ny person who is * * * unknown or whose whereabouts are unknown" (SCPA 103 [40] [d]).