■ In the Matter of the Estate of CHARLES R. VAUGHN, Deceased. JEREMIAH F. MANNING, as Executor of CHARLES R. VAUGHN, Deceased, Respondent; JAMES R. VAUGHN, Appellant. [700 NYS2d 271] —Carpinello, J. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered November 9, 1998, which, in a proceeding pursuant to SCPA article 22, granted petitioner's motion to dismiss respondent's objections for lack of standing.

After Charles R. Vaughn (hereinafter decedent) died in June 1995, his will was admitted to probate without objection in December 1997 and letters testamentary were issued to petitioner, the executor named in the will. In December 1997, petitioner submitted an application for judicial settlement of his final accounts. Objections were filed by respondent, decedent's son, who was not named in the will. Surrogate's Court granted petitioner's motion to dismiss the objections based upon respondent's lack of standing. Respondent appeals and we affirm.

A person who has no interest in the estate lacks standing to

object to the executor's final accounts (see, Matter of Lawrence, 271 App Div 897, appeal dismissed 297 NY 596; see also, SCPA 2210, 2211). Respondent has no interest in decedent's estate because the will, after making a specific devise of decedent's residence, bequeaths the remainder of the estate in equal shares to the American Heart Association and petitioner, as trustee of the Charles R. Vaughn Education Trust (hereinafter the Trust). Alleging that there is no such trust,* respondent claims that the residual bequest to the Trust must pass by intestacy and, therefore, he has an interest in the estate as decedent's sole distributee.

Pursuant to EPTL 3-3.4, "a residuary bequest which is ineffective, by reason of the beneficiary's death or otherwise, vests in the remaining residuary beneficiaries unless (1) the testator made an alternative disposition in the will, or (2) the antilapse provisions of EPTL 3-3.3 apply" (Matter of Chapin, 92 AD2d 645). Decedent made no alternative disposition in his will and the antilapse provisions of EPTL 3-3.3 are inapplicable. Therefore, Surrogate's Court correctly concluded that even if the bequest to the Trust is ineffective because the Trust does not exist, the American Heart Association, as the remaining residuary beneficiary, will receive the Trust's residuary bequest and, therefore, respondent lacks an interest in the estate necessary for standing. We find no merit in respondent's claim that EPTL 3-3.4 is inapplicable in the event that the bequest to the Trust is ineffective.

Mercure, J. P., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Decedent executed a trust agreement which created the Charles R. Vaughn Educational Trust (emphasis supplied). The existence or nonexistence of the Trust is not before us on this appeal.