■ In the Matter of the Estate of ANTHONY J. STANGLE, Deceased. LINDA J. HARMS, Individually and as Executor of ANTHONY J. STANGLE, Deceased, et al., Respondents; CINDY LAURIE et al., Appellants. [788 NYS2d 241]—

Crew III, J. Appeal from a decree of the Surrogate's Court of Albany County (Doyle, S.), entered January 9, 2004, which construed the residuary clause of decedent's last will and testament.

Decedent died in January 1999 following the execution of a self-drawn will in November 1998. As pertinent here, the will contained a residuary bequest that provided: "All the rest, residue and remainder of my property both real and personal, I give, devise and bequeath in equal shares to my surviving sisters and brother. To Pearl Craft, West Albany, NY; Linda Harms, Voorheesville, NY; Roger Stangle, Loudonville, NY; share and share alike." At the time of his death, decedent's sisters survived him, whereas his brother predeceased him.

In October 2003, decedent's sisters filed a verified petition for construction of decedent's will, specifically seeking a determination regarding decedent's intent concerning the aforesaid residuary clause. Respondents, Roger Stangle's surviving children, objected to the petition on the basis that the residuary clause provided for specific bequests to decedent's two sisters and brother and, as such, respondents were entitled to receive their father's share of the estate by virtue of the antilapse statute (*see* EPTL 3-3.3). Surrogate's Court dismissed respondents' objection, determining that the residuary clause required survivorship for the gift to vest, prompting this appeal by respondents.

We affirm. It is axiomatic that a residuary bequest that is ineffective by reason of the beneficiary's death will not vest if the testator has made an alternative disposition in the will (*see e.g. Matter of Vaughn*, 267 AD2d 763, 764 [1999]). Here, decedent clearly employed words of alternative disposition by providing that the remainder of his estate be shared equally by his surviving siblings. By employing such language, decedent effectively barred application of the antilapse statute.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decree is affirmed, without costs.