■ In the Matter of Daniel Z. Rapoport, et al., Executors of Boris Lurie, Deceased. American Friends of New Communities in Israel Inc. et al., Proposed Intervenors-Appellants; Richard Nadelman et al., Respondents, and Boris Lurie Art Foundation, Respondent, et al., Respondent. [937 NYS2d 27]—

The Surrogate properly denied the proposed intervenors' request to intervene in the reformation proceeding regarding the testator's will. The proposed intervenors are not named in the will—a fact that they concede—and cannot fulfill the requirement under CPLR 1012 that the judgment may adversely affect their interests (*see Matter of Vaughn*, 267 AD2d 763, 763-764 [1999]; *Matter of Flemm*, 85 Misc 2d 855, 857 [1975]). Indeed, the proposed intervenors base their argument in favor of intervention on the occurrence of a contingent event that

might or might not occur at an indeterminate time in the future. The distribution, if any, would rest in the executors' sole discretion. Thus, the proposed intervenors have no standing to intervene (*see Matter of May*, 213 AD2d 838, 839 [1995], *lv dismissed* 85 NY2d 1032 [1995]).

The proposed intervenors' appeal from the reformation decree is improper because they were properly denied leave to intervene, and the appeal therefore must be dismissed. Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.