In the Matter of ALVIN ROSENTHAL et al., as Trustees on Behalf of the HELMSLEY CHARITABLE TRUST. THE AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS et al., Proposed Interveners-Appellants; DAVID PANZIRER et al., Respondents. [952 NYS2d 194]—

There is no merit to movants' assertion that the Surrogate lacked the jurisdiction to decide the trustees' petition in the proceeding underlying this application. On the contrary, the Surrogate's Court's jurisdiction encompasses all matters that affect the affairs of a decedent (*Matter of Piccione*, 57 NY2d 278, 287 [1982]). Thus, there is no basis to vacate the order underlying movants' application.

Turning to the merits of the application, we find that Surrogate's Court acted well within its discretion to deny movants' motion to intervene under either CPLR 1012 or 1013 (*see Matter of Pace-O-Matic, Inc. v New York State Liq. Auth.*, 72 AD3d 1144 [3d Dept 2010]; *see also State of New York v Philip Morris Inc.*, 269 AD2d 268 [1st Dept 2000]).

First, with respect to a trust, under EPTL 8-1.1 (f), only the Attorney General may enforce the trust provisions insofar as the beneficiaries are concerned (*see Alco Gravure, Inc. v Knapp Found.*, 64 NY2d 458, 465-466 [1985]; *see also Board of Educ. of*

*Mamaroneck Union Free School Dist. v Attorney General of State of N.Y.*, 25 AD3d 637, 638-639 [2d Dept 2006], *lv denied* 7 NY3d 807 [2006]). This status is conferred upon the Attorney General even if, as here, his position does not necessarily comport with that of the charitable entities (*Matter of Notkin*, 45 AD2d 849, 850 [2d Dept 1974]; *see also Matter of May*, 213 AD2d 838, 839-840 [3d Dept 1995], *lv dismissed* 85 NY2d 1032 [1995]). Second, movants cannot fulfill the requirement under CPLR 1012 that the judgment may adversely affect their interests (*Matter of Rapoport*, 91 AD3d 509 [1st Dept 2012]; *see also Matter of Vaughn*, 267 AD2d 763, 763-764 [3d Dept 1999]). As a result, movants lack standing to intervene. Nor do movants fall within an exception to the general standing rule, as they are not within a class of potential beneficiaries that is "sharply defined and limited in number" (*Alco Gravure*, 64 NY2d at 465, citing Restatement [Second] of Trusts § 391, Comment *c*). For both these reasons, movants lack standing to intervene.

In light of our conclusions, we need not address the parties' remaining contentions. Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.