Fisher v Stone (2020 NY Slip Op 03092)





Fisher v Stone


2020 NY Slip Op 03092


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11587N 652246/19

[*1]Joseph Fisher, Plaintiff-Respondent,
v
Patrick Stone formerly known as Patrick O'Brien, Defendant, Andrew Davis, Nonparty Appellant.


McLaughlin & Stern, LLP, New York (Jonathan R. Jeremias of counsel), and Greene Espel PLLP, Minneapolis, MN (Lawrence M. Shapiro of the bar of the State of Minnesota, admitted pro hac vice, of counsel), for appellant.
Moses & Singer LLP, New York (David Rabinowitz of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 24, 2019, which denied nonparty Andrew Davis's motion to intervene under CPLR 1012 and CPLR 1013, unanimously affirmed, without costs.
Intervention as of right under CPLR 1012(a) was properly denied in this action concerning the valuation and disposition of corporate assets. The proposed intervenor's purported interest in the action is contingent upon an Illinois divorce court's determination as to whether defendant's interest in the assets are marital property. Accordingly, the proposed intervenor cannot demonstrate an ascertainable property interest in this commercial business dispute (Matter of Rapoport, 91 AD3d 509, 509-510 [1st Dept 2012]).
The motion court providently exercised its discretion by denying permissive intervention under CPLR 1013. Any common question of corporate asset valuation between plaintiff and the proposed intervenor will only become relevant upon the Illinois court's determination that defendant's interest in the corporate assets are marital property.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK