Matter of Neva M. Strom Irrevocable Trust III (2022 NY Slip Op 06843)

Matter of Neva M. Strom Irrevocable Trust III

2022 NY Slip Op 06843

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

533198
[*1]In the Matter of the Neva M. Strom Irrevocable Trust III. Elisabeth Mahoney, as Successor Trustee of the Neva M. Strom Irrevocable Trust III, Respondent; Neva D. Strom, Appellant, and Dina F. Grant, Respondent.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons and Fisher, JJ.

Law Office of Eric J. Warner, LLC, New York City (Eric J. Warner of counsel), for appellant.
Breedlove & Noll, LLP, Queensbury (Brian H. Breedlove of counsel), for Dina F. Grant, respondent.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Malcolm B. O'Hara of counsel), for Elisabeth Mahoney, respondent.

Aarons, J.
(1) Appeal from a decree of the Surrogate's Court of Warren County (John S. Hall Jr., S.), entered October 30, 2020, which judicially settled the final accounting of the Neva M. Strom Irrevocable Trust III, and (2) motion to dismiss the appeal.
The underlying facts are set forth in a prior appeal (203 AD3d 1255 [3d Dept 2022]). As relevant here, in an August 2020 order, Surrogate's Court granted a motion by Paul E. Pontiff, the trustee of the trust,[FN1] seeking a determination that respondent Neva D. Strom violated the trust's in terrorem clause and, by doing so, Strom forfeited any dispositions in the trust to her. Upon Strom's appeal, the August 2020 order was affirmed (id.).[FN2] While that appeal was pending, Surrogate's Court, in October 2020, entered a decree settling the final account of the trust. Strom appeals from that decree, and the trustee moves to dismiss Strom's appeal.
In her brief, the trustee argues that Strom lacks standing to challenge Surrogate's Court's October 2020 decree and, therefore, also lacks standing to appeal therefrom. "A person who has no interest in the estate lacks standing to object to the executor's [or trustee's] final accounts" (Matter of Vaughn, 267 AD2d 763, 763-764 [3d Dept 1999] [citations omitted]; see Matter of McManus, 47 NY2d 717, 719 [1979]; Matter of Malasky, 290 AD2d 631, 632 [3d Dept 2002]). In view of Surrogate's Court's August 2020 order and our decision affirming that order, Strom has no beneficial interest in the trust. As such, Strom lacks standing to contest the final accounting, thereby requiring dismissal of this appeal. Based on this determination, the motion to dismiss is academic.
Garry, P.J., Clark and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, without costs.
ORDERED that the motion is denied, as academic, without costs.

Footnotes

Footnote 1: The trustee died during the pendency of the prior appeal and a successor trustee (hereinafter the trustee) was appointed.

Footnote 2: We denied Strom's motion for reargument or, alternatively, leave to appeal to the Court of Appeals (2022 NY Slip Op 67156[U] [3d Dept 2022]).