■ CLIFTON KNOLLS SEWERAGE DISPOSAL CO., INC., Now Known as COUNTRY KNOLLS WATER WORKS, INC., Respondent, v DONALD AULENBACH, Appellant. (And 27 Other Actions.) — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered April 13, 1981 in Saratoga County, which denied defendants' motion to dismiss each of the complaints and granted plaintiff's cross motion for summary judgment for the sum of money demanded in each of the complaints. By service of summonses on March 23, 1978, plaintiff commenced an action against each of the 28 defendants herein seeking to recover for sewer services rendered by it to the individual defendants prior to April 15, 1968. Following service of notices of appearance, complaints in the various actions were served on or about September 15, 1978. Although no answers were ever served in any of the actions, defendants did move to dismiss the complaints on the ground that the causes of action were barred by the Statute of Limitations (see CPLR 3211, subd [a], par 5), and plaintiff responded with a cross motion seeking dismissal of defendants' motion and a money judgment in each of the actions. Finding plaintiff's contentions persuasive, Special Term denied defendants' motion to dismiss and granted plaintiff summary judgment against the individual defendants for the sums of money demanded in the various complaints. Defendants now appeal. We hold that the challenged order should be affirmed and, in so ruling, find without merit defendants' argument that plaintiff's claims were barred by the applicable six-year Statute of Limitations (CPLR 213, subd 2). In the present

actions, plaintiff, as noted above, seeks to recover for sewer services provided to the individual defendants during the period from January 1, 1967 to April 15, 1968. Most significantly, however, defendants were members of a class in a class action commenced against plaintiff on February 8, 1969 wherein over 200 plaintiffs, 28 of whom are the present defendants, sought a declaration that they were not obligated to pay for the sewer services still at issue here. That class action was terminated by court order dated December 30, 1977, wherein it was determined that the instant plaintiff was entitled to charge defendants here for the sewer services in question. Since the Statute of Limitations on each of plaintiff's claims against defendants was tolled during the pendency of this class action (see *Sutton Carpet Cleaners v Fireman's Ins. Co.,* 68 NYS2d 218, affd 273 App Div 944, affd 299 NY 646), it is clear that the six-year limitations period applicable to the claims had not expired when the instant actions were commenced on March 23, 1978. In reaching this conclusion, we find similarly lacking in substance defendants' related contentions that the subject declaratory judgment action was not a class action and that, consequently, they were not members of a class represented in the action.[*] An examination of the record on this appeal, particularly Mr. Justice Ostrander's decision in the declaratory judgment action, readily reveals that Mr. Justice Ostrander considered that action to be a class action and the instant defendants to be members of a class represented therein, i.e., those persons who sought a declaration that they were not liable to pay for sewer services rendered by the instant plaintiff prior to April 15, 1968. Moreover, the circumstances underlying that earlier action were such that the court did not err in treating it as a class action under the then-controlling statute, CPLR 1005 (repealed L 1975, ch 207, § 2, eff Sept. 1, 1975, and replaced by CPLR art 9). Presented therein was a question of common or general interest to over 200 plaintiffs, including the 28 defendants herein, who were all similarly situated, and the members of the class were easily identifiable. Given these circumstances, treating the dispute as a class action was clearly appropriate in the interests of both justice and judicial economy (see *Murphy v Wyman,* 68 Misc 2d 894). Lastly, Special Term did not err in failing to inform the parties herein of its intention to treat plaintiff's cross motion as a motion for summary judgment. Since defendants' liability to plaintiff had previously been established in the declaratory judgment action and no questions of fact or law were presented on the issue of defendants' liability once the Statute of Limitations issue was resolved, defendants were not prejudiced by the court's action. Such being the case, the court's order should not be disturbed (see *O'Hara v Del Bello,* 47 NY2d 363). Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

---

[*] Two of the instant defendants, Raymond Charbonneau and William E. Underwood, were parties of record in the declaratory judgment action and concede that they were parties to that action.