■ BOARD OF EDUCATION OF MAMARONECK UNION FREE SCHOOL DISTRICT, Appellant, v ATTORNEY GENERAL OF STATE OF NEW YORK, Respondent. (Matter No. 1.) In the Matter of RICHARD CANTOR, Respondent, v MAMARONECK UNION FREE SCHOOL DISTRICT et al., Appellants. (Matter No. 2.) [811 NYS2d 685]—

In an action, inter alia, for a judgment declaring that a proposed use and reconfiguration of certain real property located on the grounds of Mamaroneck High School was consistent with the terms of a restrictive covenant contained in the deeds gifting such property to the Mamaroneck Union Free School District, and a proceeding pursuant to CPLR article 78 to enjoin the Board of Education of the Mamaroneck Union Free School District and the Mamaroneck Union Free School District from implementing the proposed use and reconfiguration of such property, the Board of Education of the Mamaroneck Union Free School District and the Mamaroneck Union Free School District appeal, as limited by their notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Bellantoni, J.), dated April 25, 2005, as, upon consolidating the action and the proceeding, denied their motion for summary judgment in the action, determined that the petitioner Richard Cantor had standing to enforce the restrictive covenant, declared that the proposed use and reconfiguration of the subject property violated the restrictive covenant, granted the petition, and enjoined them from implementing the proposed use and reconfiguration of the subject property.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, the proceeding is dismissed, the motion is granted, and it is declared that the proposed use and reconfiguration of the subject property does not violate the restrictive covenant.

The Supreme Court erred in determining that the petitioner, Richard Cantor, had standing to enforce the restrictive covenant contained in deeds executed by his grandparents Adolph Kemper and Helen Kemper in 1945, by which the subject property was gifted to the Mamaroneck Union Free School District (hereinafter the District). Although his deep concern in this matter is entirely understandable, Mr. Cantor has no continuing "special interest" in the gifted property within the meaning of the law (*Alco Gravure, Inc. v Knapp Found.*, 64 NY2d 458, 465 [1985]) such as would afford him standing to enforce the terms of the covenant (*see Associate Alumni of Gen. Theol. Seminary of Prot. Episcopal Church in U.S. of Am. v General Theol. Seminary of Prot. Episcopal Church in U.S.*, 163 NY 417, 422 [1900]). Instead, the statutory power to represent the beneficiaries of the charit-

able disposition in this case rests with the Attorney General of the State of New York (*see* EPTL 8-1.1 [f]; *Alco Gravure, Inc. v Knapp Found., supra* at 465; *Lefkowitz v Lebensfeld,* 51 NY2d 442, 445-446 [1980]). Accordingly, the petition should have been denied for lack of standing.

With respect to the declaratory judgment action commenced by the Board of Education of the Mamaroneck Union Free School District (hereinafter the Board) against the Attorney General of the State of New York (hereinafter the Attorney General), we find that the Board established its prima facie entitlement to judgment as a matter of law by tendering evidence that the proposed use and reconfiguration of the subject property is consistent with the restrictive covenant's requirement that the subject property be "held and maintained in perpetuity for public and school uses as a memorial to the late Lt. Richard Kemper, and the other students and former students of Union Free School District No. 1, Town of Mamaroneck, N.Y., who gave their lives in the service of the United States of America in World War II" (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). After a careful review of the matter, the Attorney General concurred with the Board that the proposed use and reconfiguration of the subject property respected the expressed intent of the donors and, on that basis, voiced no objection to the relief requested by the Board. There is no reason for this Court to conclude otherwise. Accordingly, the motion should have been granted.

In light of our determination, we need not reach the parties' remaining contentions. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.