09-0682-cv
Rettek v. Ellis Hospital, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
                 ROBERT D. SACK,
                 PETER W. HALL,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

NORMA CUMMINGS RETTEK,

                 <u>Plaintiff-Appellant</u>,

                 -v.-                                    09-0682-cv

ELLIS HOSPITAL, LINDA BREAULT, as
Trustee of Ellis Hospital, MARK
BRESLIN, as Trustee of Ellis Hospital,
CHRISTINE CIOFFI, as Trustee of Ellis
Hospital, JAMES CONNOLLY, as Trustee
of Ellis Hospital, GARY EBELTOFT, as
Trustee of Ellis Hospital, HOWARD S.
FOOTE, as Trustee of Ellis Hospital,
D. JOSEPH GERSUK, as Trustee of Ellis
Hospital, MARSHALL G. JONES, as
Trustee of Ellis Hospital, PATRICK

KEHOE, as Trustee of Ellis Hospital, ROBERT J. KENNEDY, as Trustee of Ellis Hospital, ROBERT LIEBERS, as Trustee of Ellis Hospital, JUDITH B. McILDUFF, as Trustee of Ellis Hospital, DEBORAH MULLANEY, as Trustee of Ellis Hospital, ROBERT F. MURRAY, as Trustee of Ellis Hospital, SARAH SCHERMERHORN, as Trustee of Ellis Hospital, PAUL SCUDDER, as Trustee of Ellis Hospital, RICHARD TOLL, as Trustee of Ellis Hospital, VINCENT J. ZECCOLA, as Trustee of Ellis Hospital, DOMINICK BIZZARRO, as Trustee of Ellis Hospital, ROBERT A. BREAULT, as Trustee of Ellis Hospital, GREG W. BROWN, as former Trustee of Ellis Hospital, THOMAS D'ANDREA, as former Trustee of Ellis Hospital, HARRY DEPAN, as former Trustee of Ellis Hospital, THOMAS DONOVAN, as former Trustee of Ellis Hospital, JOHN FLYNN, as former Trustee of Ellis Hospital, FRANK HARTE, as former Trustee of Ellis Hospital, DALE HEDMAN, as former Trustee of Ellis Hospital, JOHN JASKI, as former Trustee of Ellis Hospital, NORA JASKI, as former Trustee of Ellis Hospital, BONNIE McGUIRE JONES, as former Trustee of Ellis Hospital, WILLIAM J. KENNEALLY, as former Trustee of Ellis Hospital, BARBARA C. LAWRENCE, as former Trustee of Ellis Hospital, SUE LEHRMAN, as former Trustee of Ellis Hospital, MARK M. LITTLE, as former Trustee of Ellis Hospital, RICHARD LIPMAN, as former Trustee of Ellis Hospital, HUGH J. MURPHY, as former Trustee of Ellis Hospital, JOAN R. PIPITO, as former Trustee of Ellis Hospital, ZYGMOND SLEZAK, as former Trustee of Ellis

Hospital, SUZANNE SMITH, as former Trustee of Ellis Hospital, JOHN VanDELOO, as former Trustee of Ellis Hospital, KIRBY VOSBURGH, as former Trustee of Ellis Hospital, CHARLES WILLIAMSEN, as former Trustee of Ellis Hospital, GARY WOOD, as former Trustee of Ellis Hospital, JAMES W. CONNOLLY, as President and Chief Executive Officer of Ellis Hospital, ANDREW M. CUOMO, as Attorney General of the State of New York and JOHN DOES 1-30,

**Defendants-Appellees**.

- - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**   Daniel L. Kurtz (Sarah E. McCallum, on the brief), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

**APPEARING FOR APPELLEE ANDREW M. CUOMO:**   Diana R.H. Winters, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Benjamin N. Gutman, Deputy Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York.

**APPEARING FOR APPELLEES ELLIS HOSPITAL, ALL CURRENT AND FORMER TRUSTEES OF ELLIS HOSPITAL AND JAMES CONNOLLY, IN HIS CAPACITY AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF ELLIS HOSPITAL:**   Daniel J. Hurteau, Nixon Peabody LLP, Albany, NY.

    Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

3

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Norma Cummings Rettek appeals from a final judgment of the United States District Court for the Northern District of New York (Sharpe, <u>J.</u>), which granted defendants-appellees' motions to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Spagnola v. Chubb Corp.</u>, 574 F.3d 64, 67 (2d Cir. 2009). We accept "all well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor to decide whether the plaintiff has pled a plausible claim for relief." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007))).

Having reviewed Rettek's contentions on appeal and the record of the proceedings below, we affirm for substantially the reasons stated in the district court's opinion. New York law does not grant a plaintiff standing to enforce a charitable gift restriction based solely on the plaintiff's familial relationship to the donor. The dispositive distinction between this case and <u>Smithers v. St. Luke's-Roosevelt Hospital Center</u>, 281 A.D.2d 127, 128, 139, 140-41 (1st Dep't 2001), is that Rettek is *not* the legal representative of the donors' estates. Accordingly, she lacks standing to pursue this action and has no choice but to rely on the Attorney General to enforce the gift restrictions.

For two reasons, we decline to certify any question related to Rettek's standing to the New York Court of Appeals. First, as discussed above, there is sufficient clarity in New York law. <u>See</u> <u>Doyle v. Am. Home Prods. Corp.</u>, 583 F.3d 167, 172 (2d Cir. 2009) ("[C]ertification is not necessary where precedent is clear and application of law to fact requires no grand or novel pronouncements of New York law."). Second, the Court of Appeals has twice denied leave to appeal in state cases that presented analogous

4

questions: <u>Bd. of Educ. of Mamaroneck Union Free Sch. Dist. v. Att'y Gen.</u>, 25 A.D.3d 637 (2d Dep't), <u>leave denied</u>, 7 N.Y.3d 807 (2006), and <u>In re Alaimo</u>, 288 A.D.2d 916 (4th Dep't 2001), <u>leave denied</u>, 97 N.Y.2d 609 (2002). <u>Cf. Doyle</u>, 583 F.3d at 172 (declining to certify where "the state courts have already thrown this case out, revived it, and then thrown it out again . . . [thereby] express[ing] their desire to be rid of it (twice) and it would be an imposition on the state's highest court for us to serve it up again").

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
