■ SAGTIKOS MANOR HISTORICAL SOCIETY, INC., Respondent, v ROBERT DAVID LION GARDINER FOUNDATION, INC., et al., Appellants and COUNTY OF SUFFOLK, Respondent, et al., Defendant. [9 NYS3d 80]—

In an action, inter alia, for a judgment declaring the intent of the grantor of the defendant Robert David Lion Gardiner Foundation, Inc., with respect to that defendant's charitable purposes and beneficiaries, the defendants Robert David Lion Gardiner Foundation, Inc., and Joseph R. Attonito, James H. Mahoney, and Robert Watkins, individually, and as trustees of the Robert David Lion Gardiner Foundation, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 20, 2013, as denied that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the appellants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them is granted.

This controversy centers around Sagtikos Manor (hereinafter the Manor), a 10-acre property improved with a historic manor house located in West Bay Shore. The Manor was formerly owned by Robert David Lion Gardiner. Starting in or about 1964, Gardiner allowed the plaintiff, the Sagtikos Manor Historical Society, Inc. (hereinafter the Historical Society), to give tours of the Manor and maintain the property. In 1985, Gardiner conveyed the Manor to a charitable foundation he established which came to be named the Robert David Lion Gardiner Foundation, Inc. (hereinafter the Foundation). The Foundation's stated purpose includes educating and informing the public about the history of the area of the Town of Islip and encouraging and sponsoring existing and future historical soci-

eties relevant to the area's heritage and traditions. In 2002, the Foundation sold the Manor to Suffolk County. In 2005, the Historical Society entered into a custodial agreement with the County for the maintenance and preservation of the Manor.

Gardiner died in 2004, and his will directed that his residuary estate be held in trust for the benefit of his widow, Eunice Gardiner, during her life, with the principal to be distributed to the Foundation upon her death. Eunice Gardiner died in 2011. At that time, the trust contained approximately $81,000,000. The Historical Society contacted the Foundation requesting an accounting of the charitable remainder of Gardiner's estate. By letter dated December 12, 2011, counsel for the Foundation rejected the Historical Society's request on the ground that it was not named as a beneficiary under Gardiner's will nor any trust created thereunder. The Historical Society commenced this action, inter alia, for a judgment declaring the intent of the grantor of the Foundation with respect to the Foundation's charitable purposes and beneficiaries. The Foundation and its individual trustees (hereinafter collectively the appellants) moved, among other things, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the Supreme Court denied that branch of their motion.

In an action for the enforcement of a charitable trust, EPTL 8-1.1 (f) provides that "[t]he attorney general shall represent the beneficiaries of such dispositions for religious, charitable, educational or benevolent purposes and it shall be his [or her] duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts." A party with a special interest in the enforcement of the trust may have standing to commence such an action; however, "one who is merely a possible beneficiary of a charitable trust, or a member of a class of possible beneficiaries, is not entitled to sue for enforcement of the trust" (*Alco Gravure, Inc. v Knapp Found.*, 64 NY2d 458, 465 [1985]). This "special interest" is found by looking to the trust's chartering documents to discern the purpose of the trust, and whether there is a class of intended beneficiaries that is entitled to a preference and is sharply defined and limited in number (*see id.* at 465; *Board of Educ. of Mamaroneck Union Free School Dist. v Attorney General of State of N.Y.*, 25 AD3d 637, 638-639 [2006]; *Matter of Alaimo*, 288 AD2d 916 [2001]; *Matter of May*, 213 AD2d 838 [1995]).

In support of their motion, the appellants submitted the Foundation's certificate of incorporation, as amended in 1987, which states that the Foundation's purpose includes educating

the public about state and local history and encouraging and sponsoring existing and future historical societies. That document does not name the Historical Society as a beneficiary, nor does it name any beneficiary. Gardiner's will did not mention the Historical Society. Accordingly, the Historical Society was not part of a class of potential beneficiaries of the Foundation that is sharply defined and limited in number. Therefore, it lacked standing to commence this action (*see Alco Gravure, Inc. v Knapp Found.*, 64 NY2d at 465; *Board of Educ. of Mamaroneck Union Free School Dist. v Attorney General of State of N.Y.*, 25 AD3d 637 [2006]).

In view of the foregoing, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them on the ground of lack of standing (*see* CPLR 3211 [a] [3]).

The appellants' remaining contentions need not be addressed in light of our determination. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur. 