■ Barbara Osarczuk et al., Appellants, v Associated Universities, Incorporated, Commonly Known as Brookhaven National Laboratory, Respondent. Joseph Rombola et al., Proposed Intervenors-Appellants. (And a Third-Party Action.) [12 NYS3d 286]—

In an action, inter alia, to recover damages for personal injuries and injury to property, the plaintiffs and the proposed intervenors appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated May 16, 2013, which denied their motion pursuant to CPLR 1013 for leave to the proposed intervenors to intervene in the action as plaintiffs, with leave to renew upon proper papers.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the appellants' motion pursuant to CPLR 1013 for leave to the proposed intervenors to intervene in the action as plaintiffs is granted.

The defendant, Associated Universities, Incorporated, operated the Brookhaven National Laboratory (hereinafter together BNL) for approximately 50 years, from 1947 until 1998. This action was commenced in 1996, by 21 named plaintiffs, to recover, inter alia, damages for personal injuries and injury to property allegedly resulting from BNL's emission of nuclear and nonnuclear hazardous and toxic substances into the air, soil, and groundwater over decades.

The plaintiffs moved to certify a class of all persons who lived, owned property, or worked within a 10-mile radius of BNL. BNL cross-moved for summary judgment dismissing the complaint on the ground, among others, that the nuclear radiation emitted by BNL did not exceed guidelines promulgated by the federal Nuclear Regulatory Commission. The Supreme Court granted BNL's cross motion for summary judgment dismissing the complaint, and denied the plaintiffs' motion for class action certification as academic. On appeal, this Court reinstated the causes of action arising from alleged exposure to nonnuclear hazardous and toxic materials, and remitted the matter to the Supreme Court for a determination on the merits of the plaintiffs' motion for class action certification (*see Osarczuk v Associated Univs., Inc.*, 36 AD3d 872 [2007]).

Upon remittitur, the plaintiffs renewed their motion for class action certification. The Supreme Court granted the plaintiffs' renewed motion to the extent of certifying two subclasses: (1) residential homeowners whose properties lie in a designated area of North Shirley, and whose property values may have been adversely affected, or who may have lost the use and enjoyment of their property as a result of exposure to nonnuclear hazardous and toxic materials emanating from BNL, and (2) persons in that same designated area who may have suffered economic loss, including but not limited to, the expense of securing alternative water supplies, including the cost to hook up to the public water supply and the yearly cost of that water, as a result of the same exposure. On appeal, in a decision and order dated March 8, 2011, this Court reversed that portion of the Supreme Court's order, and denied the plaintiffs' renewed motion for class action certification, on the ground that individualized investigation and proof was required on the issues of causation and damages (*see Osarczuk v Associated Univs., Inc.*, 82 AD3d 853 [2011]).

Thereafter, the plaintiffs, along with 167 members of the proposed classes, moved together for leave to allow those 167 proposed class members to intervene in the action as plaintiffs pursuant to CPLR 1013, on the ground that "when a class action is de-certified, putative members of the de-certified class are given the opportunity to intervene into the case because of their allegations of common questions of law and fact." The plaintiffs and the proposed intervenors (hereinafter collectively the appellants) alleged that the proposed intervenors owned property in the vicinity of BNL in 1996 and after, and presented common questions of law and fact with respect to loss of property values, and the cost of using municipal water instead of well water. They submitted a third amended complaint in support of their motion.

BNL, in opposition, argued that "[t]he plaintiffs do not provide even a single fact relative to the intervenors—other than names and addresses." BNL further asserted that the claims of the proposed intervenors were time-barred. In reply, the appellants claimed that the filing of a class action complaint tolled the statute of limitations until a final determination was made in 2011 with respect to the class action certification.

The Supreme Court, in the order appealed from (see *Osarczuk v Associated Univ., Inc.*, 2013 NY Slip Op 31138[U], *3 [Sup Ct, Suffolk County 2013]), denied the appellants' motion for leave to intervene, noting that CPLR 1013 provides, in pertinent part, that permissive intervention is permitted "when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party." The court concluded that "there can be no dispute that the intervention of 167 plaintiffs would further delay this matter, unduly complicate the litigation, and prejudice the defendant in having to defend against a plethora of new claims" (*id.* at *4). The court further concluded that the appellants failed to comply with CPLR 1014, which provides that "[a] motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought," on the ground that the third amended complaint was not "tailor[ed] to the facts and circumstances surrounding each individual plaintiff['s] claim" (*id.* at *4). The motion was denied "without prejudice and with leave to renew upon proper papers to replead in accordance with the requirements of CPLR 1013 and 1014, if so advised" (*id.* at *5).

Contrary to the conclusion of the Supreme Court, the appellants complied with CPLR 1014, which requires that a motion to intervene "shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought," by submitting a third amended complaint (*see e.g. Farfan v Rivera*, 33 AD3d 755 [2006]). Therefore, there was no need to deny the motion for leave to intervene with leave to renew upon proper papers.

Further, the causes of action of the proposed intervenors are all based upon common theories of liability and, thus, satisfy the requirement of CPLR 1013 that their causes of action involve common questions of law or fact. Contrary to the Supreme Court's conclusion, BNL would not be faced with a "plethora of new claims." Moreover, BNL did not demonstrate that intervention would substantially prejudice any party, or cause undue delay (*see Matter of Rent Stabilization Assn. of N.Y. City v New York State Div. of Hous. & Community Renewal*, 252 AD2d 111, 116 [1998]).

To the extent BNL argues, as an alternate ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]), that the claims of the proposed intervenors are time-barred, this contention is without merit. The statute of limitations applicable to this toxic tort action is the three-year statute of limitations pursuant to CPLR 214-c, which runs from the date of discovery or the date when the injury should have been discovered through the exercise of due diligence (*see Suffolk County Water Auth. v Dow Chem. Co.*, 121 AD3d 50, 57-58 [2014]). In *American Pipe & Constr. Co. v Utah* (414 US 538, 553 [1974]), the United States Supreme Court held that, under the federal class action rule, commencement of a class action suit tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status. New York courts have adopted this rule (*see Snyder v Town Insulation*, 81 NY2d 429, 432 [1993]; *Paru v Mutual of Am. Life Ins. Co.*, 52 AD3d 346, 347 [2008]; *Yollin v Holland Am. Cruises*, 97 AD2d 720 [1983]; *Clifton Knolls Sewerage Disposal Co. v Aulenbach*, 88 AD2d 1024, 1025 [1982]). Thus, the claims of the proposed intervenors were not time-barred at the time the motion for leave to intervene was made.

Accordingly, the Supreme Court should have granted the appellants' motion for leave to intervene. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.