Matter of Merestead (2020 NY Slip Op 06266)





Matter of Merestead


2020 NY Slip Op 06266


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-12780
 (Index No. 59460/19)

[*1]In the Matter of Merestead. County of Westchester, petitioner-respondent; Attorney General of the State of New York, et al., respondents-respondents, et al., respondents; Nelson Peltz, et al., nonparty-appellants.


Hollis, Laidlaw & Simon P.C., Mount Kisco, NY (P. Daniel Hollis III, David Simon, and Lee J. Lefkowitz of counsel), for nonparty-appellants.
John M. Nonna, County Attorney (McCarthy Fingar LLP, White Plains, NY [James K. Landau, Edward P. Borrelli, and Frank W. Streng], of counsel), for petitioner-respondent.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), respondent-respondent pro se.



DECISION & ORDER
In a proceeding pursuant to RPAPL 1955, inter alia, to modify or extinguish certain restrictions on the use of land held for charitable purposes, nonparties Nelson Peltz and Claudia Peltz appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated October 30, 2019. The order denied those branches of those nonparties' motion which were pursuant to CPLR 1012 and 1013 for leave to intervene in the proceeding and denied, as academic, that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is affirmed, with costs.
This is an equitable deviation proceeding pursuant to RPAPL 1955 commenced by the County of Westchester, the recipient of a charitable disposition of 130 acres of property known as Merestead. The County seeks to liquidate certain investment funds attached to the property and to remove restrictions or conditions on usage, and also seeks authorization to sell select items of tangible property.
Nonparties Nelson Peltz and Claudia Peltz (hereinafter together the proposed intervenors), who are owners of adjoining properties, moved pursuant to CPLR 1012 and 1013 for leave to intervene in the proceeding and, thereupon, pursuant to CPLR 3211(a) to dismiss the petition. The proposed intervenors claim that as adjacent landowners who purchased their properties after Merestead was given to the County subject to the restrictions, the use and enjoyment of their properties would be affected by the outcome of the proceeding. The proposed intervenors are not named in the indenture which created the gift. The County opposed the motion on the grounds, among others, that the proposed intervenors' motion papers did not include a proposed pleading, as [*2]required by CPLR 1014, and that they did not have standing.
In an order dated October 30, 2019, the Supreme Court denied those branches of the proposed intervenors' motion which were pursuant to CPLR 1012 and 1013 for leave to intervene on the ground that the motion papers did not include a proposed pleading. The court denied, as academic, that branch of the motion which was to dismiss the petition. The proposed intervenors appeal.
A motion seeking leave to intervene, whether pursuant to CPLR 1012 or CPLR 1013, must include the proposed intervenor's proposed pleading (see CPLR 1014; Phoenix Life Ins. Co. v Jacob P Ilit A, 177 AD3d 1008; New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd., 169 AD3d 811). Here, the proposed intervenors did not submit a proposed pleading with their motion, inter alia, for leave to intervene. Therefore, we agree with the Supreme Court's determination to deny their motion (see Phoenix Life Ins. Co. v Jacob P Ilit A, 177 AD3d 1008; New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd., 169 AD3d 811).
Further, the Supreme Court properly denied the motion without leave to renew on proper papers, since the proposed intervenors failed to show a real and substantial interest in the outcome of the proceeding (see Phoenix Life Ins. Co. v Jacob P Ilit A, 177 AD3d 1008; Sagtikos Manor Historical Socy., Inc v Robert David Lion Gardiner Found., Inc., 127 AD3d 1056). Contrary to the proposed intervenors' contentions, this proceeding does not involve land use regulation.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court