MTGLQ Invs., L.P. v Noftell (2022 NY Slip Op 02405)

MTGLQ Invs., L.P. v Noftell

2022 NY Slip Op 02405

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-08460
2019-08461
 (Index No. 135631/18)

[*1]MTGLQ Investors, L.P., respondent, 
v
Juliana Noftell, etc., et al., defendants; 97 Lyman Avenue, LLC, nonparty-appellant.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for nonparty-appellant.
Knuckles Komosinski & Manfro, LLP, Elmsford, NY (Gregg L. Verrilli of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 97 Lyman Avenue, LLC, appeals from two orders of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), both dated June 24, 2019. The first order denied the motion of nonparty 97 Lyman Avenue, LLC, for leave to intervene in the action. The second order granted the plaintiff's motion, in effect, for leave to enter a default judgment and for an order of reference.
ORDERED that the appeal from the second order is dismissed, as the appellant is not aggrieved thereby (see CPLR 5511); and it is further,
ORDERED that the first order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In November 2018, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property in Richmond County (hereinafter the subject property), and filed a notice of pendency against the subject property. All of the defendants defaulted in appearing in the action. Eleven days after the commencement of the action and filing of the notice of pendency, nonparty 97 Lyman Avenue, LLC (hereinafter the proposed intervenor), acquired title to the subject property. In February 2019, the plaintiff moved, in effect, for leave to enter a default judgment and for an order of reference. In May 2019, the proposed intervenor moved for leave to intervene in the action. In an order dated June 24, 2019, the Supreme Court denied the proposed intervenor's motion for leave to intervene. In a separate order of the same date, the court granted the plaintiff's motion, in effect, for leave to enter a default judgment and for an order of reference. The proposed intervenor appeals from both orders.
A motion seeking leave to intervene, whether pursuant to CPLR 1012 or 1013, shall be accompanied by the proposed intervenor's proposed pleading setting forth the claim or defense for which intervention is sought (see id. § 1014; Matter of Merestead, 188 AD3d 690, 692; Phoenix [*2]Life Ins. Co. v Jacob P Ilit A, 177 AD3d 1008, 1008; Beneficial Homeowner Serv. Corp. v Chambers, 145 AD3d 750). Here, the proposed intervenor did not submit a proposed pleading with its motion for leave to intervene. Accordingly, the Supreme Court properly denied the proposed intervenor's motion for leave to intervene (see Matter of Merestead, 188 AD3d at 692; cf. Osarczuk v Associated Univs., Inc., 130 AD3d 592, 595).
In light of our determination that the Supreme Court properly denied the motion for leave to intervene, the proposed intervenor is not aggrieved by any determination made in the action other than the denial of its motion for leave to intervene (see CPLR 5511; U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 751; Spota v County of Suffolk, 110 AD3d 785, 787). Accordingly, the appeal from the second order, which granted the plaintiff's motion, in effect, for leave to enter a default judgment and for an order of reference, must be dismissed (see CPLR 5511).
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court