Doris Weedon Irrevocable Trust v Larimar US Virgin Is. Corp. (2024 NY Slip Op 03409)

Doris Weedon Irrevocable Trust v Larimar US Virgin Is. Corp.

2024 NY Slip Op 03409

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-02785
 (Index No. 611158/16)

[*1]Doris Weedon Irrevocable Trust, respondent,
v
Larimar US Virgin Islands Corporation, et al., defendants; 23 Hampton N, LLC, nonparty-appellant.

Grausso & Foy, LLP, Bohemia, NY (William Grausso of counsel), for nonparty-appellant.
O'Shea Marcincuk & Bruyn LLP, Southampton, NY (James M. O'Shea of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 23 Hampton N, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered November 10, 2021. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the appeal is dismissed, with costs, as the appellant is not aggrieved by the order and judgment of foreclosure and sale (see CPLR 5511).
In July 2016, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Suffolk County and filed a notice of pendency against the property. By deed dated October 5, 2018, nonparty 23 Hampton N, LLC (hereinafter Hampton), acquired title to the property. In July 2019, the plaintiff moved for leave to enter a default judgment against the defendants and for an order of reference. In November 2019, Hampton moved, inter alia, for leave to intervene in the action. In an order dated January 27, 2021, the Supreme Court, among other things, denied, as untimely, that branch of Hampton's motion which was for leave to intervene in the action and granted the plaintiff's motion for leave to enter a default judgment against the defendants and for an order of reference. In an order and judgment of foreclosure and sale entered November 10, 2021, the court, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the property. Hampton appeals.
On appeal, Hampton does not raise any contention that the Supreme Court improvidently exercised its discretion in denying that branch of its motion which was for leave to intervene in the action. In light of that determination, Hampton "is not aggrieved by any determination made in the action other than the denial of [that branch of] its motion [which was] for leave to intervene" (MTGLQ Invs., L.P. v Noftell, 204 AD3d 786, 787; see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 751). Accordingly, the appeal from the order and judgment of foreclosure and sale must be dismissed (see CPLR 5511; HSBC Bank USA, N.A. v Greenberg, 199 AD3d 905).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court